UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JUANITA SMITH** | * | **CIVIL ACTION NO: 19-1261** |
| **AND FLOYD STEWART** | | |
|     Plaintiff | | |
| | | |
| **VERSUS** | * | **JUDGE FOOTE** |
| | | |
| **CITY OF SHREVEPORT,** | | |
| **LEE, JC AND C. MCCONNELL** | * | **MAGISTRATE HAYES** |
|     Defendants | | |

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343(1)(2)(3)(4) and the aforementioned statutory and Constitutional provisions. The plaintiff invokes this court's supplemental jurisdiction to hear state law claims of trespass, battery, negligence and strict liability pursuant to 28 USC 1367.

### PARTIES

2.    Made Plaintiff herein is:

A.    JUANITA SMITH an individual domiciled in Caddo Parish, Louisiana.

-1-

B.  FLOYD STEWART, an individual domiciled in Caddo Parish, Louisiana.

3.  Made individual defendants herein are

(A)  **Officer J.C. Lee** was a patrol officer and K-9 Handler of canine Dice for the Shreveport police department at all times relevant herein mentioned; he was acting in such capacity as the agent, servant and employee under the color of state law of the defendant City of Shreveport. Lee is sued in his individual and in his official capacities.

(B)  **Officer C. McConnell** was a patrol officer for the Shreveport police department at all times relevant herein mentioned; he was acting in such capacity as the agent, servant and employee under the color of state law of the defendant City of Shreveport. Lee is sued in his individual and in his official capacities.

(B)  **Cpl. Barker** was a patrol officer for the Shreveport police department at all times relevant herein mentioned; he was acting in such capacity as the agent, servant and employee under the color of state law of the defendant City of Shreveport. Barker is sued in his individual and in his official capacities.

4.  Made defendant herein is CITY OF SHREVEPORT ("SHREVEPORT") which is a political subdivision of the State of Louisiana. It is sued in its official capacity.

## FACTS

5. Unknown to your petitioners, Shreveport police officers including Officer McConnnel were searching for a murder suspect by the name of Combs. There was a warrant for Combs' arrest. David Craig who resided at 1906 State indicated to officers that Combs was not there, but Craig was arrested by officers including Craig, McConnell and Lee due to his having outstanding arrest warrants.

6. After the arrest of Craig, McConnell and Lee crossed the street to attempt to search 1913 State Street, Shreveport. Neither McConnell nor Lee had probable cause to attempt to search 1913 State Street nor were there exigent circumstances nor was there a warrant to search or enter 1913 State Street.

7. Juanita Smith was the rightful possessor and part owner with several other siblings of 1913 State Street, Shreveport, LA. Barker, McConnell and Lee came to Smith's home and inquired as to the whereabouts of Combs. Smith didn't then and doesn't now know Combs. McConnell and Lee ordered her out of her home and entered without consent. McConnell and Lee did not request permission and Smith did not provide consent for any officer or a canine to enter or search the home.

8. Officers including McConnell and Lee entered the home of Petitioner

        Smith without her consent and against her will. The entire home was searched. Interior doors were opened. Things were left in disarray. The grounds were also searched. Many officers lingered about on the property without any consent.

9. Without consent, Lee released his canine Dice into 1913 State Street, Shreveport, LA. Petitioner Stewart was in a bedroom watching television and trying to rest. He did not hear any warnings nor were loud verbal warnings provided.

10. In the meantime, hearing noise, Stewart got off the bed and began to make his way out of the bedroom. At the bed room door he was met by the canine. The canine without any warning attacked Stewart biting him on the left thumb, upper thigh and calf and leg, causing serious and permanent injuries.

11. Lee did not have canine Dice on a leash nor did he accompany Dice. Dice left the eye sight of Lee while inside the residence at 1913 State Street.

12. Lee suspected there were other persons, including innocent bystanders, in the house besides Smith.

13. Police did not suspect or have probable cause of any person at 1913 State St. of committing any crime.

14. Police did not have an arrest warrant for anyone they had probable cause to believe was inside 1913 State Street, Shreveport, LA.

15. Combs was not located nor arrested on October 4, 2018, on State Street or any other location.

16. Baker, Lee and McConnell made illegal entry into the Smith home. She was verbally commanded to exit the home after which Baker and Lee entered. Officers had no warrant, probable cause or exigent circumstance to enter the home without express consent.

17. The force used by Lee against Plaintiff was clearly excessive to the need and a violation of Plaintiff's civil rights.

18. As a result of the use of excessive force, by intentionally releasing and being deliberately indifferent to the canine's propensity to attack and being deliberately indifferent to properly controlling the K-9, Stewart suffered pain and suffering, past and future mental distress, and past physical pain and suffering and disfigurement to his leg and thumb.

19. Lee released Dice with a bite command. Knowing there was likely someone in the home, Dice should have been released to on a find and bark command. Lee intended Dice to bite anyone, regardless if sought by police or not, found in the house.

### FIRST CAUSE OF ACTION: ILLEGAL ENTRY, WRONGFUL SEARCH

20. Plaintiff Smith reiterates and realleges paragraphs 1 - 18 as though fully set forth herein. MCCONNEL, BARKER and LEE are made defendants herein.

21. MCCONNEL, BARKER and LEE entered the home of Smith without her consent and without a warrant and without exigent circumstances. Defendants violated Smith's Fourth Amendment rights for wrongful and illegal entry into her home and a wrongful search.

### SECOND CAUSE OF ACTION: USE OF EXCESSIVE FORCE

22. Plaintiff Stewart reiterates and realleges paragraphs 1 - 21 as though fully set forth herein. Made Defendant is LEE with his canine Dice.

23. The defendants violated Petitioner's right to be free of use of excessive force in violation of the Fourth Amendment. OFFICER LEE intentionally released a canine as a weapon to attack or was deliberately indifferent to the rights of any innocent bystanders in the area including Stewart. He deliberately failed to exercise proper control over his K-9 dog and to follow protocol designed to prevent injury to innocent third parties, thus LEE caused the dog to bite petitioner when he was an innocent bystander. He presented no danger to any law enforcement officer and there was no need for force against him. The petitioner did not know nor

was involved with the man being pursued by police. LEE immediately released Dice before having any opportunity to observe any innocent bystanders in the home. LEE deliberately did not give required warnings before releasing Dice. LEE deliberately allowed Dice to run without a leash. Lee deliberately did not look for bystanders in the area before releasing Dice. Lee deliberately did not use voice commands to release DICE from his attack on petitioner but instead used a collar hold to obtain the release. The existence of innocent bystanders could be seen by any person taking a moment to observe.

24. The use of the canine under the circumstances of this case was excessive. Even if Combs were illegally attempting to escape Officer Lee, the use of the canine was excessive under the circumstances where there innocent bystanders in the immediate vicinity. Petitioners had committed no offense. They had engaged in no criminal activity.

25. Plaintiff contends that the use of force upon him by defendants was clearly excessive as he was not a threat to anyone, was not attempting escape and was not resisting an officer. Petitioner Stewart was compliant at the time of the attack. The use of force was either intentional or deliberate indifference proper control of the K-9 dog.

### SECOND CAUSE OF ACTION: MUNICIPAL LIABILITY FOR FAILURE TO TRAIN

26. Plaintiff reiterates and realleges paragraphs 1 - 25 as though fully set forth herein. Plaintiff brings this cause of action pursuant to 42 USC 1983, et seq. CITY OF SHREVEPORT is a Defendant herein.

27. Plaintiff contends that the CITY OF SHREVEPORT failed to properly train the team of LEE and DICE in maintenance training according to the U.S. Canine Industry Standard and concerning use of a canine where innocent bystanders are present. CITY also failed to train in the find and bark method which is a less excessive level of force than find and bite. Further, Dice was not well trained in that a choke hold was used to remove the canine from the bite.

28. As a result of the CITY OF SHREVEPORT not properly mandating maintenance training for the K-9 team, Stewart suffered increased pain and suffering, past, and future mental distress, disfigurement and past and future physical pain and suffering and disfigurement to his left thumb, thigh and calf.

### FOURTH CAUSE OF ACTION STATE LAW CLAIMS: TRESPASS, BATTERY, STRICT LIABILITY, EXCESSIVE FORCE AND NEGLIGENCE

29. Plaintiffs reiterate and reallege all of the foregoing paragraphs as though fully set forth herein. BARKER, LEE, MCCONNEL and CITY OF

SHREVEPORT are made Defendants hereunder.

30. Plaintiffs allege violations of Louisiana Civil Code Article 2315. Officer LEE and K-9 Dice in the course and scope of their employment with the City of Shreveport, violated plaintiffs' rights under Article One Section 5 of the 1974 Louisiana Constitution. The City is liable for the fault of its officers in failing to maintain and control K-9 DICE and allowing Stewart to be attacked by DICE while he was an innocent bystander. No force was necessary against him at the time it was used. Also, the defendants are liable under LSA-C.C. art. 2315. The defendants are liable in solido unto plaintiffs. Plaintiffs bring suit for negligent use of force. Plaintiffs also allege that the City failed to properly train and supervise Officer LEE in tactics concerning the use and handling of a K-9 dog under these kinds of circumstances including the presence of innocent bystanders. LEE did not give required warnings before releasing Dice and did not have the canine on a leash when Dice was released; nor did LEE keep Dice within sight or within a short distance where LEE could command the canine to release upon command. LEE did not look for bystanders in the area before releasing Dice. LEE did not use voice commands to release DICE from his attack on petitioner but instead had to used a collar hold and other unorthodox methods to obtain the release which exacerbated the

injuries.

31. Lee's use of force in the form of the K-9 constituted fault because petitioner was an innocent bystander and was compliant and was not a threat; the officer had overwhelming force and power to effect any necessary search or arrest, petitioner was not resisting. Lee did not use a leash and allowed the dog to go through the house unsupervised and unseen.

32. Plaintiffs allege violations of Louisiana Civil Code Article 2315 for negligence and intentional acts. Officers BARKER, LEE and MCCONNEL in the course and scope of their employment with the City of Shreveport, committed fault and that fault should be evaluated under La. C.C. art. 2323 and 2324. No officer had been injured. Plaintiffs Stewart and Smith were innocent bystanders. Defendants failed to obtain a warrant, consent or otherwise investigate before illegally entering the Smith home and using force to determine if it were safe for innocent bystanders. The defendants are liable in solido unto plaintiffs. Plaintiffs bring suit for excessive use of force and illegal search under Louisiana state law.

33. The City is strictly liable for Petitioner Stewart's injuries caused by an animal owned and under the control of the City. The dog bite and injury was preventable for the reasons cited above.

34. Lee and McConnel and City are not entitled to qualified immunity under either state law for claims of fault, strict liability or negligence or intentional acts.

35. Plaintiffs bring a cause of action for strict liability pursuant to La. C.C. art. 2321 against the City of Shreveport. City of Shreveport was the owner of Dice which is a dog. No Plaintiff provoked Dice into attacking Plaintiff Stewart. Mr. Stewart was lying in bed peaceably watching television and had no prior association with the police or the canine. The City of Shreveport could have prevented the injury to Stewart by: Providing distraction training to its canine handlers regarding bystanders and the City should have taken Dice out of service sooner than 2018 due to prior incidents of unprovoked attacks by Dice and failures by Dice to release bites or Dice reattaching bites. The handler could have prevented the bite by maintaining Dice on a leash and maintaining a close distance with Dice instead of releasing Dice without a leash. City of Shreveport allowed Lee to have the everyday care and control of Dice. Dice during his police service resided with Lee. Lee had responsibility for Dice' care. Lee could have prevented the attack on Stewart or reduced his injury by: (1) not releasing Dice (2) releasing Dice from a position where he could visualize the location of Stewart (3) maintaining Dice on a leash until an appropriate

time to release; (4) providing an initial or warning for the K9 release and a subsequent warning (5) maintaining a look out for bystanders and maintaining observation of Dice (6) verbally releasing Dice to return or giving more warning as Dice approached Stewart(7) verbally release Dice (8) not approached Dice during the attack, or excited Dice to bite harder and not use a choke off technique to release Dice from the bite, (9) failing to use or utilize an existing electronic collar (10) failing to follow Dice at a safe distance(11) Officers should have intervened to stop the attack, among other means to prevent the attack upon Stewart or reduce injury. Lee likely became aware of Stewart's presence before the attack, Lee did not use voice commands to release the canine from cover at a distance, and instead used a choke off technique. Lee thus intentionally increased the bite strength. Lee also permitted the canine to bite longer than is reasonable. And, Lee likely saw Stewart before Dice made contact with him, knew a bystander was in the area.

36. Alternatively, the legal doctrine of res ipsa loquitur operates to infer negligence by the City of Bossier City or its employees in accordance with C.C. art. 2321. No well-trained canine would have attacked a 5 year old girl who did nothing to provoke the attack. This type of attack does not normally occur absent negligence.

37. A police officer has a duty to perform his function with due regard for the safety of all citizens who will be affected by his actions. His authority must at all times be exercised in a reasonable fashion and he must act as a reasonably prudent man under the circumstances. The police also have a duty to protect the public and to act reasonably in their investigations so as to expose the public to the least danger possible under the circumstances of the particular case.

38. An owner has a duty to prevent dog bites and other damage by his dog.

## MISCELLANEOUS PROVISIONS

39. Defendants BARKER, LEE and MCCONNELL are not entitled to qualified immunity under federal law. The rights of petitioners as expressed herein were clearly established at the time.

40. Due to the malicious and deliberately indifferent actions of Defendant LEE and SMITH toward plaintiffs' federally protected rights, plaintiffs are entitled to an award of punitive damages against each of them. Plaintiffs do not seek punitive damages against the CITY OF SHREVEPORT.

41. Petitioners demand a trial by jury.

42. Petitioner STEWART and SMITH suffered mental distress, embarrassment and humiliation, loss of liberty and invasion of privacy.

        STEWART suffered, pain and suffering, disfigurement, loss of enjoyment of life, as a result of the actions of the defendants.

43.   Petitioners are entitled to an award of attorney fees and costs under 42 USC 1983 and 1988.

44.   Petitioner Smith is unable to proceed in this case with the payment of costs in advance, pay as they accrue or to post bond due to their financial circumstances

WHEREFORE, Petitioners, JUANITA SMITH and FLOYD STEWART pray that:

1.   They be granted a trial by jury.

2.   There be judgment herein and against Defendants, J.C. LEE, C. MCCONNELL and CITY OF SHREVEPORT in solido in a reasonable amount to be set by the Court, plus judicial interest, compensatory damages, disfigurement, consequential damages, and all costs of court, including attorney fees.

3.   There be judgement herein against J.C. LEE and C. MCCONNEL for punitive damages.

4.   Petitioner is allowed to proceed in forma pauperis.

5.   Such other and further relief as may be just.

Respectfully Submitted,

 _/s/ Nelson Cameron_
NELSON W. CAMERON
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111
Bar No. 01283
**Attorney for Petitioners**