UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUANITA SMITH, ET AL | CIVIL ACTION NO. 19-1261 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JC LEE, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is a motion for partial summary judgment, filed by the Defendants in the above-captioned matter. Record Document 82. The Defendants seek dismissal of four of the Plaintiffs' state law claims: battery, excessive force, negligence, and strict liability. The Plaintiffs oppose the motion, and the matter is now ripe for review. For the reasons set forth below, the Defendants' motion is granted in part and denied in part.

I. Background.

The facts of this case have previously been set forth in this Court's Memorandum Ruling [Record Document 71] and in the opinion issued by the Fifth Circuit Court of Appeals [Record Document 77]. As such, they will not be restated herein in full. However, suffice it to say that Shreveport police officers were attempting to execute a warrant on Christian Combs ("Combs") for second degree murder. The officers arrived at Plaintiff Juanita Smith's ("Smith") home at 1913 State Street in Shreveport to question the occupants about Combs's whereabouts. Smith told officers that she did not know Combs. Nonetheless, the officers wanted to enter Smith's house to ensure Combs was not inside. Defendant Lee and his police canine, Dice, proceeded to the front door, where Lee called out for anyone inside to come out; he gave verbal warnings that he was releasing the dog

1

into the house and that the dog would bite. When no one responded, Lee released Dice with the command "find the man." Dice proceeded around a corner and came into contact with Plaintiff Floyd Stewart ("Stewart"), an elderly man who had been sleeping inside a bedroom in the residence. When Stewart heard the noise from outside, he put on his shoes and went to the bedroom door where he encountered Dice. Dice bit Stewart.

Smith and Stewart brought suit against the Defendants under 42 U.S.C. § 1983 for the constitutional violations of unlawful entry, excessive force, and failure to train. Plaintiffs also brought analogous state law claims, in addition to claims of negligence and strict liability for dog bites. In earlier motion practice, the Defendants moved for summary judgment, contending the Defendant officers were entitled to qualified immunity. The defense also moved for dismissal of the <u>Monell</u> and state law claims. The Court's ruling dismissed the <u>Monell</u> claim against the City of Shreveport, the failure to train claim, and all claims against Defendant McConnell. The Court denied the Defendants qualified immunity with regard to the unlawful entry of Smith's home and the use of excessive force against Stewart.

The Defendants appealed the ruling to the Fifth Circuit. On appeal, the court affirmed the denial of qualified immunity for the unlawful entry claim. However, it reversed the Court's denial of qualified immunity for Stewart's excessive force claim. In so doing, the appellate court concluded that

> Given the apparent danger of this suspect [Combs] and situation, Lee's decision to deploy Dice with the command to bite and hold the first person he found inside the house was reasonable. Therefore, Stewart has not alleged a constitutional violation for any force used between the time Lee entered Smith's house and the time he realized that the person Dice was biting was not Combs.

2

Record Document 77, p. 13. Furthermore, the court rejected an excessive force claim stemming from the duration of the dog bite, which Stewart alleged lasted for at least a minute. It determined that Lee was entitled to qualified immunity because, under the required qualified immunity analysis, no binding precedent "establishes under analogous circumstances how long a bite is too long. Thus, a jury could not find that every reasonable officer would have known that a K9-trained dog had to be released more quickly." Id. at 19.

Now that the case has been remanded to this Court, the defense has moved for partial summary judgment on Stewart's state law claims of negligence, battery, excessive force, and strict liability for dog bites. The crux of the Defendants' motion is that the Fifth Circuit determined that Lee's actions with Dice were reasonable, and therefore, these four state law claims must be dismissed pursuant to the Fifth Circuit's opinion. Defendants contend that the claims of battery, excessive force, and negligence are identical to the federal excessive force claim and thus must be dismissed pursuant to the reasoning in the Fifth Circuit's opinion.

II. Law and Analysis.

The Court agrees that the Fifth Circuit's opinion forecloses Stewart's pursuit of a state law excessive force claim. The Fifth Circuit has stated that "Louisiana's excessive force tort mirrors its federal constitutional counterpart." Deville v. Marcantel, 567 F.3d 156, 172 (5th Cir. 2009). "Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case," however, the factors are "sufficiently similar to the Graham factors." Id. at 172-73. In the instant case, the Fifth Circuit's analysis of

3

the Graham factors led to its determination that Lee's use of force was reasonable. Because the analysis of a state law excessive force claim mirrors the analysis of a § 1983 excessive force claim, this Court must defer to the determination made by the Fifth Circuit in its analysis of that claim. As the Fifth Circuit held that under the Graham factors, Lee's use of force was reasonable, this Court must dismiss Stewart's state law excessive force claim.

However, the same result is not compelled with respect to Stewart's battery claim. In Deville, the Fifth Circuit explained that an excessive force claim does not depend on the constitutionality of the underlying arrest, but rather is judged on the reasonableness of the actions under the totality of the circumstances. Deville, 567 F.3d at 167 n.7 (instructing that a § 1983 excessive force claim must be analyzed "without regard to whether the arrest itself was justified."). In contrast, however, for a state law battery claim, the analysis takes into account whether the officer was effectuating a lawful or unlawful arrest when the force was used. Id. at 173 n.9. Indeed, the Louisiana Code of Criminal Procedure states that "[t]he person making a *lawful* arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained." La. Code Crim. Proc. art. 220 (emphasis added). However, "[i]f the arrest is unlawful then all force used to effectuate the arrest is excessive and constitutes a battery." LaBauve v. State, 618 So. 2d 1187, 1193 (La. Ct. App. 1993). "The jurisprudence . . . establishes that the physical attack of a private citizen by a police officer absent a valid arrest constitutes a battery." Fisher v. Louisiana Dep't of Pub. Safety, 555 So. 2d 626, 630 (La. Ct. App. 1989). In Deville, the

Fifth Circuit distinguished between the plaintiff's excessive force and battery claims, declaring that because the plaintiff's arrest was not supported by probable cause and was unlawful, "then *any* force used by the officers constituted a battery under state law." Deville, 567 F.3d at 173 n.9. Here, there has been no contention that Lee was performing a valid arrest on Stewart; instead, taking the facts in the light most favorable to the Plaintiffs, Stewart was an innocent bystander who happened to be in the wrong place at the wrong time when the police were searching for Combs. Accordingly, the dismissal of his battery claim is not required by the Fifth Circuit's opinion, and this claim remains for trial.

Nor will the Court dismiss Stewart's negligence claim. The Defendants argue merely that the negligence claim must be dismissed because of the Fifth Circuit's opinion, but the Court is not so convinced. The Defendants' briefing does not address Louisiana Civil Code article 2315 or any elements of Stewart's negligence claim. The contention that the claim should be dismissed merely because the Fifth Circuit found that Lee's actions were reasonable under an excessive force qualified immunity analysis is not persuasive. Although article 2315's analysis incorporates a component of reasonableness, this analysis does not mirror the § 1983 excessive force analysis. Nor, for that matter, does it analyze the Graham factors, which drove the Fifth Circuit's ultimate decision on Stewart's excessive force claim; further, the Court notes that the Fifth Circuit's Graham analysis focused on Combs, not Stewart. Simply put, the Fifth Circuit's decision on excessive force does not require the dismissal of Stewart's negligence claim. This claim will remain for trial.

Finally, as to Stewart's strict liability claim, the Defendants argue that the law requires the Plaintiffs to demonstrate the dog posed an unreasonable risk of harm. The Defendants claim once again that the Fifth Circuit has resolved this issue in their favor. That is, by holding that it was reasonable for Lee to release Dice into the Smith residence to bite and hold whomever he encountered, the Defendants submit that the Fifth Circuit necessarily resolved the question of whether Dice posed an unreasonable risk of harm. To the contrary, the Court finds that the fact that the state law claim incorporates a consideration of reasonableness is not dispositive of the issue. As the Defendants' briefing implicitly concedes, the elements for a strict liability dog bite claim do not mirror the § 1983 excessive force elements. The analysis for each claim is not identical. Thus, the Fifth Circuit's ruling does not force the dismissal of this claim, and the claim will remain for trial.

III. Conclusion.

Based on the foregoing reasons, the Defendants' motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART**. It is granted to the extent that Stewart's state law excessive force claim is dismissed. It is denied with respect to the battery, negligence, and strict liability claims.

**THUS DONE AND SIGNED** this 7th day of March, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE