UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUANITA SMITH ET AL | CIVIL ACTION NO. 19-1261 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JC LEE, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## ORDER

Before the Court is a motion for reconsideration, filed by the Defendants. Record Document 99. For the reasons below, the motion for reconsideration is **DENIED**.

Defendants moved for partial summary judgment on Plaintiff Stewart's state law claims of negligence, battery, excessive force, and strict liability for dog bites. The crux of the Defendants' motion was that the Fifth Circuit determined that Defendant Lee's actions with K9 Dice were reasonable, and therefore, these four state law claims must be dismissed. For the reasons set forth in the Court's opinion, the Court granted Defendants' motion on Stewart's state law excessive force claim, but denied the motion with respect to the battery, negligence, and strict liability claims. Record Document 98. The Defendants have asked the Court to reconsider that ruling.

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. Under Rule 54(b) of the Federal Rules of Civil Procedure, the Court has broad discretion to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981) (citations omitted). As such, the Court may reconsider its previous denial of Defendant's motion for partial summary judgment.

Here, the Defendants argue that the Court misunderstood or misapplied Louisiana law with regard to the claims of battery, negligence, and strict liability for dog bites. The Court understands the Defendants' position: that the analysis of each claim involves a component of reasonableness and that conduct that is deemed reasonable for one claim (i.e., the federal excessive force claim) should be deemed reasonable for all. The Court disagrees. The Defendants have not presented the Court with any binding precedent to establish such a contention. Furthermore, the Court finds the facts in the instant case, to the extent force was used upon an innocent bystander who was not being lawfully arrested by officers, is distinguishable from many of the cases cited by the defense.

In short, the Defendants' motion has not presented any new issues that would compel the Court to reassess its prior ruling. Accordingly, the motion [Record Document 99] is **DENIED**.

**THUS DONE AND SIGNED** this 12th day of March, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE